STATE v. DENNIS JESSUP.

(Filed 27 April, 1921.)

**1. Criminal Law—Larceny—Felonious—Intent—Instructions.**

   Although the trial judge has stated correctly the contention of the defendant as to guilty knowledge, it was error for him to exclude from the consideration of the jury certain evidence which the defendant offered to disprove, and which tended to disprove, such guilty knowledge or felonious intent.

**2. Criminal Law—Larceny—Evidence—Felonious Intent.**

   In order to show that there was no felonious intent or guilty knowledge in taking or receiving an automobile, it is competent for the defendant to show that the party who took the car, which was similar to one which he himself owned, did so by mistake, believing the car to be the one which belonged to him or his employer, and this would be competent evidence on behalf of the defendant, indicted for receiving the car knowing it to be stolen, as it tended to show an absence of felonious intent of the person who took the car, and, therefore, an absence of guilty knowledge by the defendant, who afterwards received it.

APPEAL by defendant from *Ray, J.,* at January Term, 1921, of RICHMOND.

The defendant was indicted jointly with one Maner for the larceny of a Ford automobile, the property of one H. H. Anderson, and there was a count for receiving. The plea was not guilty. On the trial the defendant, in order to show that he had no felonious intent and really did not steal the car, proposed to inquire of the defendant Maner, who was a witness in his own behalf, as to any knowledge he had that the Ford car had been stolen, and the evidence was excluded, the defendant

noting an exception. There was evidence that on a Saturday night Maner, Jessup, and Shaw drove from Fayetteville to Rockingham in a Lexington car belonging to Maner, and after spending a part of Sunday in Rockingham, they drove at night to Hamlet, six or seven miles away, and at about 8 o'clock the same night Jessup and Shaw drove back to Fayetteville from Hamlet in the Lexington car belonging to Maner, and later in the night Maner followed them to Fayetteville in the Ford car belonging to Anderson, which he found on the street in front of a moving picture house. When he arrived at Fayetteville he left the Ford car in front of his boarding house until morning and then placed it in front of the Jessup garage. An extra tire and some other minor equipment were taken from the Ford car and left in the garage.

There was evidence offered, but rejected by the court, that there had been an agreement between Maner and his brother-in-law, Jim Dleykan, that Maner should take Dleykan's car to Fayetteville and sell it, and that Maner made a mistake in taking the Anderson car for the Dleykan car, as the two looked very much alike, both being Fords of the same model, and that there was no intention of stealing the Anderson car. Defendant was convicted, and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*W. C. Downing and McCormick & Clark for defendant.*

WALKER, J., after stating the facts: Notwithstanding the exclusion of the evidence as to intent, the court charged the jury, as to one of the contentions of the defendant, being that the agreement had been made with Dleykan and that the Anderson car was taken by Maner through error as to its identity and ownership, because of its similarity to the Dleykan car, explaining to the jury that, as defendants therefore contended, there was no felonious or dishonest intent in taking the Anderson car, but, by his previous ruling, he had left the defendant Jessup without the evidence to support this contention, and also without the evidence to show that he had no knowledge that the Anderson car had been stolen. If we concede that there was evidence for the jury to the contrary of Jessup's contention, that is, such as would tend to show his guilty knowledge and felonious intent, it was error to exclude the evidence and thus disarm him so that he could not defend himself against the charge of the State.

It was manifestly competent to show by the defendant himself, if testifying in his own behalf, not only the absence of guilty knowledge that the car had been stolen, if it had been, but also the absence of Maner's intent to steal it. This Court has expressly ruled upon this

question of guilty knowledge, guilty motive or intent, in *Phifer v. Erwin,* 100 N. C., 59, at p. 65, where *Chief Justice Smith* said, citing and quoting from *S. v. King,* 86 N. C., 603: "The test of the admissibility of the evidence of motive or intent is the materiality of the motive or intent in giving character to the act, and when they must, as separate elements, coexist to constitute guilt or produce a legal result. When, as distinct facts, each must be alleged and proved, the inference to be deduced may be met and repelled by the direct testimony of the party as to their being entertained by him." 1 Wharton on Evidence, sec. 482. This is direct instead of circumstantial evidence as to guilty intent or knowledge or motive. In the *Phifer case* the plaintiff, on his own behalf, was allowed, after objection, to state that he knew nothing of any understanding between the parties to the mortgage that the mortgagor was to remain in possession when the goods were delivered to him, nor of any purpose on the part of either to defraud the mortgagor's creditors, and this upon the question of plaintiff's fraudulent knowledge or intent. This was held to be admissible.

There are several assignments of error as to other rulings, but they may not be presented again, and we will not consider them.

There was error in the rulings, as indicated above, because of which the defendant Jessup is entitled to another jury.

New trial.